IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES L. FRAZIER                                                                                    PLAINTIFF

vs.                                        Civil No. 2:16-cv-02014

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

James L. Frazier ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

This is the second time this case has been before this Court. Briefly, Plaintiff protectively filed his disability application approximately eight years ago on February 9, 2009. (Tr. 11). In his application, Plaintiff alleges being disabled due to back problems and diabetes. (Tr. 132). Plaintiff alleges an onset date of September 17, 2008. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 76-77).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 23-75). Plaintiff's first administrative hearing was held on March 9, 2010. *Id.* Thereafter, on July 19, 2010, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 8-18). Plaintiff appealed that denial to this Court. *See Frazier v. SSA,* 2:12-cv-02029, ECF Nos. 13-14 (W.D. Ark. June 7, 2013). Because the ALJ failed to comply with *Polaski* and failed to properly evaluate Plaintiff's subjective complaints, the Court reversed and remanded Plaintiff's case. *Id.*

The ALJ then held a second administrative hearing on June 16, 2015. (Tr. 346-380). At this hearing, Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.* Thereafter, on October 28, 2015, the ALJ entered a second fully unfavorable decision. (Tr. 321-338). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 326, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 17, 2008, his alleged onset date. (Tr. 326, Finding 2). The ALJ found Plaintiff had the following severe impairments: degenerative disk disease, diabetes mellitus, and hypertension. (Tr. 326-329, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 329-340, Finding 4).

The ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 330-336, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally climb, balance, crawl, kneel, stoop and crouch.

*Id.*

The ALJ determined Plaintiff was forty-two (42) years old on his alleged onset date. (Tr. 336, Finding 7). At this age, he qualified as a "younger person' under 20 C.F.R. § 404.1563(c) (2008) (DIB). *Id.* As for his education, the ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 336, Finding 8).

The ALJ evaluated Plaintiff's PRW and found Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 336, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other jobs existing in significant numbers in the national economy. (Tr. 337-338, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the capacity to perform the following sedentary, unskilled occupations: (1) document preparer with 21,000 such jobs in the national economy and 200 such jobs in Arkansas; (2) escort vehicle driver with 23,000 such jobs in the national economy and 200 such jobs in Arkansas; and (3) small products assembler with 203,000 such jobs in the national economy and 4,000 such jobs in Arkansas. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date through the date of his decision or through October 28, 2015. (Tr. 338, Finding 11).

On January 28, 2016, Plaintiff filed his Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 12, 16. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Specifically, Plaintiff claims the ALJ erred in assessing his RFC. Because the Court finds the ALJ erred in assessing Plaintiff's ability to sit for a prolonged period of time, the Court finds this case must be reversed.

In September of 2008, Plaintiff began complaining of lower back pain and pain in his leg. (Tr. 223). In late 2008, Plaintiff underwent a lumbar discectomy to treat his lower back pain. (Tr. 191). Subsequent to this surgery, on February 3, 2009, his doctor, Dr. Anthony Capocelli, M.D. ordered physical therapy and limited Plaintiff to a job that would require "no more than an hour of sitting." (Tr. 191). Plaintiff followed-up with physical therapy treatment but continued to suffer

from pain that was exacerbated by "prolonged sitting or standing." (Tr. 270). In March of 2009, Plaintiff continued to report an inability to sit longer than 45 minutes at a time. (Tr. 311). Also in March of 2009, Dr. Capocelli found Plaintiff had permanent work restrictions of being unable to sit for more than one hour at a time. (Tr. 266). In March of 2010, Plaintiff testified at the first administrative hearing in this matter that he was unable to sit for more than 45 minutes at a time. (Tr. 45). Thereafter, throughout the relevant time period from 2010 until the date of the second unfavorable decision, Plaintiff continued to report suffering from this pain. *See, e.g.,* Tr. 692.

Despite this evidence, the ALJ still found Plaintiff retained the capacity to perform sedentary work. Such a job primarily "involves sitting" with only a certain amount of walking and standing. *See* 20 C.F.R. § 404.1567 (a). The ALJ did not put any restrictions on Plaintiff's ability to sit for a prolonged period of time. As outlined above, this determination is not supported by substantial evidence in the record.

Further, as noted above, this is the second time this case has been appealed to this Court. In both the first administrative decision and the second administrative decision, the ALJ did not properly consider Plaintiff's limitations. Plaintiff filed his disability application nearly eight years ago in 2009. Plaintiff alleged an onset date of September 17, 2008, over eight years ago. Based upon the Court's review of the medical records in this case, the Court finds no further administrative development is necessary, and this case can be reversed and rendered. *See Andler v. Chater,* 100 F.3d 1389, 1394 (8th Cir. 1996) (holding that "[i]f the record presented to the ALJ contains substantial evidence supporting a finding of disability, a reviewing court may reverse and remand the case to the district court for entry of an order granting benefits to the claimant"). Such a remedy is especially appropriate where "further hearings would merely delay benefits." *Id.*

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record. Further, as outlined above, the record contains substantial evidence supporting a finding of disability. Thus, this Court orders Plaintiff's case be reversed and rendered with a direction to the SSA to award benefits. The SSA should be directed to calculate Plaintiff's past-due benefits from his alleged onset date of September 17, 2008. Such an onset date is consistent with Plaintiff's medical records as outlined above. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of February 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE